NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0227-16T3

514 MILLBURN AVENUE, LLC,
VINCENT URSO, and PERRY URSO
d/b/a ENZZOS TRATTORIA
RESTAURANT,

 Plaintiffs-Appellants,

v.

PLANNING BOARD OF THE TOWNSHIP
OF MILLBURN,

 Defendant-Respondent,

and

RESTAURANT CONCEPT CONSULTANTS,
LLC and INVESTORS HOLDING FUND,
LLC,

 Defendants.
__________________________________________

 Argued October 31, 2017 - Decided November 21, 2017

 Before Judges Reisner and Mayer.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-8136-
 15.

 Ronald S. Gasiorowski argued the cause for
 appellants (Gasiorowski & Holobinko,
 attorneys; Mr. Gasiorowski, on the briefs).
 Edward J. Buzak argued the cause for respondent
 (The Buzak Law Group, LLC, attorneys; R. Scott
 Eveland and Susan L. Crawford, on the brief).

PER CURIAM

 Plaintiffs 514 Millburn Avenue, LLC, Vincent Urso, and Perry

Urso d/b/a Enzzos Trattoria Restaurant appeal from an August 22,

2016 order dismissing their complaint in lieu of prerogative writs

against defendants Planning Board of the Township of Millburn

(Board), Restaurant Concept Consultants, LLC (RCC) and Investors

Holding Fund, LLC.1 We affirm.

 On April 29, 2015, RCC applied to the Board for conditional

use approval, preliminary and final site plan approval, and certain

variances and waivers to convert a fast food restaurant to a

restaurant/bar. Public hearings on RCC's application were held

on July 15, 2015 and September 2, 2015. RCC presented expert

testimony. Plaintiffs' counsel opposed the application. The

Board also heard from the public on RCC's application, including

comments from residents in Millburn and Springfield, the

municipality adjacent to the proposed development.

 Plaintiffs own and operate a competitor restaurant near RCC's

proposed development. RCC's project straddled the boundary line

between Millburn and Springfield. A majority of RCC's proposed

1
 The trial court issued an amended order dated October 12, 2016.

 2 A-0227-16T3
project was located in Millburn. Plaintiffs objected to RCC's

application arguing before the Board that RCC failed to obtain

review and approval from neighboring Springfield. Plaintiffs

maintained that RCC's project had to be approved by Springfield

in addition to any approvals granted by the Board.

 The Board granted RCC's application on September 2, 2015. A

memorializing resolution was adopted on October 21, 2015. The

Board declined to consider RCC's application as it related to

Springfield's ordinances, but considered the proposed

development's impact on the neighborhoods in adjacent Springfield.

 The Board's resolution approved RCC's application conditioned

on the following:

 1. The Applicant shall comply with all
 applicable municipal ordinances and
 regulations, as well as all County, State and
 Federal Laws applicable to this development
 application.

 2. The foregoing is subject to review of,
 approval by, and requirements imposed by such
 other Federal, State, County, and local bodies
 that shall have jurisdiction over the
 development.

 Plaintiffs filed an action in lieu of prerogative writs

seeking to reverse the Board's resolution. On June 29 and August

22, 2016, Judge Vicki A. Citrino issued orders, with accompanying

written decisions, dismissing plaintiffs' complaint.

 3 A-0227-16T3
 On appeal, plaintiffs present the following arguments:2

 POINT ONE

 THE TRIAL COURT ERRED IN NOT FINDING THE BOARD
 WAS REQUIRED TO MAKE ZONING APPROVAL BY THE
 TOWNSHIP OF SPRINGFIELD AS A
 CONDITION/REQUIREMENT OF ITS APPROVAL
 PURSUANT TO N.J.S.A. 40:55D-22(b) ESPECIALLY
 WHERE 60% OF THE PARKING FOR THE PROJECT IS
 LOCATED IN SPRINGFIELD AND THE USE PROPOSED
 IS NOT PERMITTED IN SPRINGFIELD.

 POINT TWO

 THE PLANNING BOARD FAILED TO PROPERLY HEAR AND
 CONSIDER THE SPRINGFIELD ZONING LIMITATIONS
 THAT EFFECT [SIC] AND GOVERN A SIGNIFICANT
 PORTION OF THE DEVELOPMENT SITE.

 POINT THREE

 IN THE ALTERNATIVE, THE TRIAL COURT SHOULD
 HAVE DIRECTED THE DEFENDANT APPLICANT TO
 PROCEED WITH AN APPROPRIATE ZONING APPLICATION
 IN SPRINGFIELD, AND STAY THIS SUIT AND ANY
 OPENING/USE OF THE RESTAURANT/BAR UNTIL
 SPRINGFIELD MAKES ITS DETERMINATION ON THE
 PROPOSED DEVELOPMENT/USE.

 Plaintiffs presented these arguments to Judge Citrino who

considered and rejected them in thorough and well-written

decisions dated June 29, 2016 and August 22, 2016. After reviewing

2
 On appeal, plaintiffs rely on facts that were not presented to
the trial court. Our scope of review is limited to whether the
trial court's decision is supported by the record presented at the
time of trial. R. 2:5-4; see also Middle Dep't Inspection Agency
v. Home Ins. Co., 154 N.J. Super. 49, 56 (App. Div. 1977) (refusing
to consider evidence improperly submitted at the appellate level),
certif. denied, 76 N.J. 234 (1978).

 4 A-0227-16T3
the record, including the hearing transcripts and exhibits, we

affirm for the reasons stated by Judge Citrino. We add only the

following comments.

 The Board's resolution was sufficient, and its credibility

determinations are worthy of our deference. See Klug v.

Bridgewater Twp. Planning Bd., 407 N.J. Super. 1, 12-13 (App. Div.

2009). There is substantial credible evidence to support the

Board's findings, and the decision to grant the application was

not arbitrary or capricious. Id. at 13-14; see also Kramer v. Bd.

of Adjustment, Sea Girt, 45 N.J. 268, 296 (1965).

 While a local planning board should consider the impact of a

development application upon a neighboring municipality, the local

board need not abdicate its own zoning ordinances and master plan.

See Ferraro v. Zoning Bd. of Adjustment, 119 N.J. 61, 72-74 (1990).

In the memorializing resolution approving RCC's application,

Millburn expressly considered the proposed development's impact

on neighboring Springfield. Millburn has no obligation to impose

Springfield's zoning ordinances and master plan within its own

municipal border, and plaintiffs cite no legal authority imposing

such an obligation on a municipality. Plaintiffs never claimed

there was insufficient support in the record for the Board's

approval of RCC's application in Millburn. That RCC may ultimately

 5 A-0227-16T3
need approval from Springfield does not render the Board's decision

arbitrary, unreasonable or capricious.

 Affirmed.

 6 A-0227-16T3